IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   CR-22-328-PRW |
| | ) | |
| JARED MICHAEL HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR LEAVE TO**
**DISMISS THE INDICTMENT WITHOUT PREJUDICE**

Pursuant to Fed. R. Crim. P. 48(a), the United States moves for leave to dismiss the Indictment (Dkt. 1), filed on August 17, 2022, without prejudice. For the reasons that follow, the United States believes dismissal of the Indictment at this point would be in the interest of justice.

Under Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment, information, or complaint."[1] "Requiring the government to obtain leave of the court to dismiss an indictment serves two purposes."[2] "The primary purpose is to protect a criminal defendant from prosecutorial harassment."[3] "The rule is also intended to allow courts to consider public interest, fair administration of criminal justice, and preservation of judicial integrity when evaluating motions to dismiss."[4] But still, "[t]he general rule

---

[1] Fed. R. Crim. P. 48(a).
[2] *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).
[3] *Id.*
[4] *Id.*

under Rule 48(a) is that the district court should grant a prosecutor's motion to dismiss unless it is clearly contrary to manifest public interest."[5] "In order to carry out the purposes of the rule, the trial court must be informed of the prosecutor's reasons for dismissing the indictment and factual basis for the prosecutor's decision."[6]  Several factors have converged leading to the United States decision to seek dismissal of this case without prejudice.

First, this case has been pending for more than three years.  During that time, Mr. Harrison has been convicted of two counts of aggravated assault in Texas state court and sentenced to four years' imprisonment.[7]  Additionally, during that time, the lead prosecutor assigned to the case has left the United States Attorney's Office and—given the age of the case—it is unclear if and when the United States would be in a position to try this case.

Second, the question of the constitutionality of 18 U.S.C. § 922(g)(3) remains open both in this case and in the country as a whole.  There are currently seven petitions for certiorari pending before the Supreme Court challenging the constitutionality of § 922(g)(3) under the Second Amendment, six of which involve as-applied challenges, and are a mix of petitions filed by the United States and criminal defendants.[8]  The United States believes there is a reasonable likelihood that the Supreme Court will grant certiorari

---

[5] *Id.* (internal quotation marks omitted).
[6] *Id.*
[7] https://justice1.dentoncounty.gov/PublicAccessDC/CaseDetail.aspx?CaseID=2821615 (last accessed 09/17/2025).
[8] https://firearmslaw.duke.edu/2025/09/scotus-gun-watch-week-of-9-16-25 (last accessed 09/17/2025)

in at least one of those cases. Continuing to pursue this case at this time would needlessly waste judicial and prosecutorial resources.

Third, Second Amendment jurisprudence has developed significantly over the past three years. Nevertheless, based on the way the case was litigated three years ago, the Tenth Circuit held that certain arguments were waived and foreclosed the government from addressing them on remand.[9] As a result, the United States believes that the interest of justice favors dismissal in this case to clear the way for a case that does not contain these impediments.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ David McCrary
DAVID McCRARY (MA 683086)
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700 (office)
(405) 553-8888 (fax)
david.mccrary@usdoj.gov

---

[9] *See United States v. Harrison*, ___ F.4th ___, 2025 WL 2452293, at *4, 25 n.27 (10th Cir. Aug. 26, 2025).

## Certificate of Service

  I hereby certify that on September 23, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants of record in this matter.

                s/ DAVID McCRARY
                Assistant U.S. Attorney