**In the United States District Court for the
Western District of Oklahoma**

| | |
|---|---|
| United States of America,  ) | |
| )  | |
|     *Plaintiff*, ) | |
| ) | Case No. CR-22-328-PRW |
| v. ) | |
| ) | |
| Jared Michael Harrison, ) | |
| ) | |
|     *Defendant*. ) | |

### Defendant's Objection to Dismissal Without Prejudice

Defendant Jared Michael Harrison respectfully objects to the government's motion for leave to dismiss the Indictment *without prejudice* (Doc. 48). While Mr. Harrison has no objection to dismissal in general, the dismissal should be entered *with prejudice*.

The government seeks to abandon this prosecution—for now—while keeping open the ability to prosecute Mr. Harrison again in the future. Its request, if granted, would leave Mr. Harrison under the specter of reindictment at essentially any time, and for illegitimate reasons.

**I.  This Court retains discretion to dismiss this case with prejudice.**

Rule 48(a) provides that "the government may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a). The requirement of judicial "leave" is not a mere formality; it exists to protect defendants from prosecutorial harassment and to ensure that dismissals are not contrary to the public interest. *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988). The rule exists primarily to "prevent harassment of a defendant by

1

a prosecutor's charging, dismissing, and recharging the defendant with a crime." *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984). Accordingly, the Tenth Circuit has emphasized that a district court must be informed of the government's reasons for dismissal and is empowered to evaluate whether those reasons are consistent with the fair administration of justice. *Strayer*, 846 F.2d at 1265.

While leave to dismiss should be granted absent a showing that dismissal is "clearly contrary to manifest public interest," *id*., courts retain discretion to determine whether dismissal should be with or without prejudice. *See, e.g., Derr*, 726 F.2d at 619 (affirming district court's treatment of a successive indictment as barred making the first Rule 48(a) dismissal "in effect" a dismissal with prejudice). Other circuits have recognized this same principle. *See In re United States*, 345 F.3d 450, 453 (7th Cir. 2003) (noting that in a case of prosecutorial harassment, under Rule 48(a) "the judge might rightly condition dismissal on its being with prejudice"); *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) (noting it could order a "dismissal be modified to reflect that it is a dismissal with prejudice"). As the Southern District of New York recently observed in dismissing with prejudice rather than granting the government's request for dismissal without prejudice, "[n]umerous district courts have dismissed prosecutions with prejudice, even when the government seeks dismissal without it, to protect defendants from the unwarranted or inappropriate threat of re-indictment." *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025) (citing *United States v. Erickson*, No. 19 Crim. 53-3, 2024 WL 81290, at *5, 10 (D.V.I. Jan. 8, 2024); *United States v. Madzarac*, 678 F. Supp. 3d 42, 44 (D.D.C. 2023); *United States v. Pitts*, 331 F.R.D. 199, 202, 206 (D.D.C. 2019); *United States v.*

*Borges*, 153 F. Supp. 3d 216, 218-19 (D.D.C. 2015); *United States v. Poindexter*, 719 F. Supp. 6, 10-12 (D.D.C. 1989*); United States v. Angilau*, No. 08 Crim. 431, 2012 WL 346446, at *14 (D. Utah Feb. 1, 2012), aff'd in part, appeal dismissed in part, 717 F.3d 781 (10th Cir. 2013); *United States v. Wecht*, No. 06 Crim. 26, 2008 WL 65605, at *5-6 (W.D. Pa. Jan. 4, 2008); *Government of Virgin Islands ex rel. Robinson v. Schneider*, 893 F. Supp. 490, 498 (D.V.I. 1995); *United States v. Rossoff*, 806 F. Supp. 200, 202-03 (C.D. Ill. 1992); *United States v. Fields*, 475 F. Supp. 903, 904, 908 (D.D.C. 1979)).

Here, the government candidly acknowledges that it seeks dismissal because it is unprepared for trial, the case is old, and it is constrained by appellate waiver rulings. These are litigation choices and resource constraints attributable solely to the prosecution. Allowing dismissal without prejudice under these circumstances would permit the government to evade the consequences of its own decisions while keeping Mr. Harrison under indefinite threat of renewed prosecution. Rule 48(a)'s "leave of court" requirement exists precisely to guard against such unfairness. This Court has discretion to weigh the government's asserted reasons against the public interest in finality, fairness, and judicial integrity. Exercising that discretion, dismissal with prejudice is appropriate.

**II.    The government's stated reasons do not justify dismissal without prejudice.**

The government cites three considerations in support of dismissal: (1) the age of the case and staffing changes; (2) the pendency of Supreme Court certiorari petitions addressing § 922(g)(3); and (3) waiver rulings that limit the government's litigation options on remand. None of these support dismissal without prejudice.

3

1. **The age of the case and prosecutorial turnover are not grounds to preserve reprosecution.**

As the government correctly notes, this case has been pending for more than three years. It concedes that it is "unclear if and when" it "would be in a position to try this case." Gov. Motion at 2. The government does not explain why it is unable to proceed after such a lengthy period, despite the case having been continuously staffed by experienced prosecutors and involving no unusual complexity. Whatever the reason, any difficulty in moving forward cannot be attributed to misconduct or delay by Mr. Harrison. Rule 48(a) does not permit the government to place an indictment on hold indefinitely, only to revive it at its convenience. See *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988) (explaining that Rule 48(a) protects against prosecutorial harassment and preserves judicial integrity). Given the government's acknowledged inability to proceed in a timely fashion, the interests of fairness and finality weigh in favor of dismissal with prejudice.

2. **Pending certiorari petitions do not justify keeping Mr. Harrison under threat.**

The possibility that the Supreme Court may take up § 922(g)(3) in another case (Gov. Motion at 2–3) is not a valid reason to keep Mr. Harrison under threat of reindictment. Rule 48(a) permits dismissal when consistent with the fair administration of justice, not to hold defendants in limbo while appellate strategy plays out elsewhere. If the government believes a forthcoming decision will alter the legal landscape, it remains free to test that decision in a future case—but not at Mr. Harrison's expense.

Nor does the government's claim that continuing to litigate would "waste judicial and prosecutorial resources" (Gov. Motion at 3) carry weight. This case has already

4

consumed years of judicial and prosecutorial resources in both the district court and the Tenth Circuit, and it is the government's own litigation choices—not Mr. Harrison's—that produced the current posture. More fundamentally, the existence of certiorari petitions in other cases provides no reason to leave Mr. Harrison indefinitely exposed to reprosecution. The Supreme Court may decline review altogether allowing further percolation in the lower courts, or may ultimately reach the same conclusion the Tenth Circuit has already issued here. In the meantime, Mr. Harrison should not be forced to live under the unresolved threat of renewed prosecution.

Courts have cautioned that the prosecution may not dismiss simply to await a "more advantageous" tactical moment. As one court explained, while it may be tempting for the government to preserve its case until circumstances are more favorable, that kind of strategy is condemned. *United States v. Poindexter*, 719 F. Supp. 6, 12 (D.D.C. 1989). Rule 48(a) obligates this Court to protect the defendant from "another prosecution at a different time … deemed more favorable to the prosecution," even if that constrains the government's future plans. *Id*. In short, if the government is unwilling to proceed now, fairness and finality require that this dismissal be with prejudice.

### 3. Waiver rulings are the government's own litigation choices.

The government emphasizes that the Tenth Circuit foreclosed certain arguments as waived. That limitation is the natural consequence of the government's failure to raise issues when it had the opportunity. It is not a basis to seek a "do-over" against Mr. Harrison. Permitting dismissal without prejudice on this ground would erode the finality of appellate rulings. Put differently, allowing dismissal whenever the government faced the constraints

of an appellate remand, with the option to refile later, would risk undermining the integrity of the appellate process—an outcome Rule 48(a) does not contemplate.

### 4. Public interest favors finality.

Taken together, the government's reasons underscore why dismissal should be *with prejudice*. This prosecution has already consumed years of litigation, appellate review, and judicial resources. Allowing dismissal without prejudice would perpetuate uncertainty, leaving Mr. Harrison indefinitely under the shadow of indictment despite the government's own admissions that it cannot presently try the case. That outcome is contrary to the fairness and integrity Rule 48(a) is designed to protect.

## Conclusion

Rule 48(a) entrusts this Court with discretion not merely to permit dismissal, but to determine whether dismissal should be final. Where, as here, the government's justifications rest on the age of the case, questions of resource allocation, and the constraints of prior litigation, the public interest is not served by leaving the door open to renewed prosecution. Finality, fairness, and the protection against harassment all point in one direction: the indictment should be dismissed with prejudice.

Mr. Harrison therefore respectfully requests that this Court grant the government's motion only to the extent of dismissing the indictment *with prejudice*.

Respectfully submitted,

 /s/ *Laura K. Deskin*
Laura K. Deskin
Research and Writing Specialist

 /s/ *J. P. Hill*
J.P. Hill
Assistant Federal Public Defender
Office of the Federal Public Defender
Western District of Oklahoma
215 Dean A. McGee, Suite 109
Oklahoma City, Oklahoma 73102
Phone: (405) 609-5930
Fax: (405) 609-5932
Laura_Deskin@fd.org
JP_Hill@fd.org

## CERTIFICATE OF SERVICE

    I hereby certify that on September 23, 2025, I electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant(s):

    AUSA David McCrary, AUSA Steven Creager

                                                      s/ *Laura K. Deskin*
                                                      LAURA K. DESKIN