IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JARED MICHAEL HARRISON, ) <br> ) <br> Defendant. ) | Case No. CR-22-328-PRW |

### ORDER

Before this Court is the government's Motion for Leave to Dismiss the Indictment Without Prejudice (Dkt. 48); Defendant Harrison's Objection to Dismissal Without Prejudice (Dkt. 50); and the government's Reply (Dkt. 53). In its Motion, the government seeks to dismiss the indictment without prejudice. Harrison argues that case should instead be dismissed *with* prejudice. For the following reasons, the Court **GRANTS** the Motion (Dkt. 48). The indictment in this matter is **DISMISSED WITHOUT PREJUDICE**.

*Background*

On August 17, 2022, the government filed a one-count indictment, alleging that Harrison unlawfully possessed a firearm as marijuana user.[1] Two months later, Harrison moved to dismiss the indictment based on the unconstitutionality of 18 U.S.C. § 922(g)(3) (Dkt. 17). This Court granted the motion (Dkt. 36), and on August 26, 2025, the Tenth

---

[1] Indict. (Dkt. 1), at 1.

Circuit reversed and remanded the case for further proceedings (Dkt 44–45).[2] In light of the remand, the government now moves to dismiss the indictment, arguing that dismissal is proper because of the age of the case and the open question surrounding the constitutionality of § 922(g)(3).[3] Additionally, the government acknowledges that the Tenth Circuit held that certain arguments were waived and foreclosed the government from addressing them on remand.[4]

*Discussion*

I. **Under Rule 48(a), this Court is not authorized to dismiss the case with prejudice when the government has sought leave to dismiss without prejudice.**

Federal Rule of Criminal Procedure 48(a) permits the government with leave of court to dismiss an indictment, information, or complaint. The Rule "vest[s] some discretion in the court" for the apparent purpose of "protect[ing] a defendant against prosecutorial harassment."[5] But "[t]he general rule under Rule 48(a) is that the district court should grant a prosecutor's motion to dismiss unless it is clearly contrary to manifest public interest."[6] Thus, the question here is whether Rule 48(a) not only gives courts discretion to grant or deny the government's motion, but also the discretion to modify the relief

---

[2] *See United States v. Harrison*, 153 F.4th 998, 1035 (10th Cir. 2025).

[3] *See United States v. Hemani*, No. 24-40137, 2025 WL 354982 (10th Cir. Jan. 31, 2025), *cert. granted*, No. 24-1234, 2025 WL 2949569 (U.S. Oct. 20, 2025) (mem).

[4] *See Harrison*, 153 F.4th at 1034 n.27.

[5] *Rinaldi v. United States*, 434 U.S. 22, 29 (1977).

[6] *United States v. Strayer*, 846 F.2d 1262, 1265 (10th Cir. 1988).

requested by the government and grant a dismissal with prejudice when no such dismissal was requested.

Harrison is correct that some district courts believe they have just that discretion.[7] But separation of powers concerns lead this Court to conclude that Rule 48 doesn't go that far. Rule 48(a) changed "[t]he common-law rule that the public prosecutor may enter a *nolle prosequi* in his discretion, without any action by the court."[8] While "courts have agreed that the primary purpose of the rule is protection of a defendant's rights[,]"[9] federal courts remain conflicted over "what other circumstances may justify its application."[10] Moreover, courts consider whether they have the authority to grant but modify a motion to dismiss, because modification is fundamentally different from outright denial. When a court merely denies the motion, the case remains within the prosecutor's control, and the government may still choose to proceed to trial or seek dismissal with prejudice. But when a court dismisses with prejudice over the government's objection, it eliminates any remaining prosecutorial discretion.

The Constitution places the prosecutorial power solely in the hands of the Executive.[11] This power includes dismissing charges once brought in addition to initiating

---

[7] *See e.g.*, *United States v. Escobedo-Molina*, 790 F. Supp. 3d 1283, 1292 (D.N.M. 2025); *United States v. Adams*, 777 F. Supp. 3d 185, 214 (S.D.N.Y. 2025); *United States v. Madzarac*, 678 F. Supp. 3d 42, 44 (D.D.C. 2023).

[8] Fed. R. Crim. P. 48(a) advisory committee's note 1 (1944).

[9] *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982).

[10] *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000).

[11] U.S. Const. art II, § 3.

charges.[12] Thus, "the Government retains 'broad discretion' as to whom to prosecute,"[13] and the exercise of that discretion "is particularly ill-suited to judicial review."[14] Indeed, it is "settled constitutional understanding[]" that "authority over criminal charging decisions resides fundamentally with the Executive, without the involvement of—and without oversight power in—the Judiciary."[15] This explains why "the Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges."[16]

Harrison doesn't address those separation-of-powers concerns. But he nonetheless contends that Tenth Circuit precedent permits this Court to modify the government's Rule 48(a) motion. But that conclusion misreads the case upon which he relies.[17] Defendant argues that *United States v. Derr* controls.[18] But, as the government explains, *Derr* doesn't

---

[12] *United States v. HSBC Bank USA, N.A.*, 863 F.3d 125, 134–35 (2d Cir. 2017).

[13] *Wayte v. United States*, 470 U.S. 598, 607 (1985) (quoting *United States v. Goodwin*, 446 U.S. 238, 248 (1980)).

[14] *Id.*; *United States v. Texas*, 599 U.S. 670, 679 (2023).

[15] *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741 (D.C. Cir. 2016).

[16] *Id.* at 742.

[17] *United States v. Derr,* 726 F.2d 617 (10th Cir. 1984).

[18] Defendant also relies on non-binding, out-of-circuit precedent. Def's Obj. (Dkt. 50), at 2. Like *Derr*, both cases arise from a series of facts dissimilar to instant case. In *In re United States*, 345 F.3d 450 (7th Cir. 2003), the Seventh Circuit compelled a district judge to grant an unopposed motion to dismiss and vacated the court's appointment of a private prosecutor after the government filed a petition for mandamus. In *United States v. Raineri*, 42 F.3d 36 (1st Cir. 1994), the issue was that the district court granted a motion to dismiss one count of the indictment without prejudice, despite defendant's plea agreement. And the First Circuit even ultimately left the decision of with-or-without prejudice up to the government. *Raineri*, 42 F.3d at 43. Neither case substantively considered whether Rule 48(a) permits lower courts to grant but modify motions to dismiss.

go nearly as far as Harrison claims. *Derr* stands only for the conclusion that a motion to dismiss an indictment remains reviewable after reindictment—even if the effect of that review incidentally transforms the original dismissal without prejudice into a dismissal with prejudice.[19] In *Derr*, the trial court granted a motion to dismiss without prejudice. Later the government filed a second indictment, and in response, the defendant asked the trial court to find that the initial dismissal was inappropriate. The trial court agreed and concluded that it erred by granting the *entirety* of the initial motion to dismiss because the government failed to articulate any reasons for dismissal.[20] Accordingly, the lower court ordered that the second indictment must be dismissed due to its initial error, effectively transforming the government's motion to dismiss without prejudice into one with prejudice. The Tenth Circuit concluded that this remedy was not an abuse of discretion given the circumstance of the case. There, "if the trial court had initially ruled correctly and refused to dismiss the original indictment, the government's only alternatives would have been to try a case in which it was obviously unprepared to proceed or to move to dismiss the indictment with prejudice."[21] "Dismissing the second indictment was the only sanction that would effectuate the primary purpose of Rule 48(a)."[22]

---

[19] *Derr*, 726 F.2d at 619.

[20] *Id.* ("[T]o honor the purpose of the rule, the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision.")

[21] *Id.*

[22] *Id.*

Accordingly, the Court declines to expand Rule 48(a) beyond the more limited discretion the Tenth Circuit has recognized.

## II. Even if the Court could grant but modify the motion, dismissal without prejudice is still appropriate.

Even if Rule 48(a) permitted the Court to grant but modify the government's motion, the circumstances of this case still counsel in favor of dismissal without prejudice. The Court hereby finds that dismissal of the indictment without prejudice sufficiently protects the public interest. On the present record, there is no evidence that the government is acting in bad faith by requesting dismissal.[23] Nor does Harrison appear to be at risk of being harassed by the prosecution. And while Harrison argues that the public interest in "finality, fairness, and judicial integrity" outweigh the government's interest in a dismissal without prejudice,[24] the Court has heard no good reason as to why that is actually so.

### *Conclusion*

Upon review, the Court **GRANTS** the Motion (Dkt. 48), and the indictment (Dkt. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

---

[23] "Court have equated a dismissal that is clearly contrary to the public interest with one in which the prosecutor appears motivated by bribery, animus towards the victim, or a desire to attend a social event rather than trial." *In re Richard*, 213 F.3d 773, 787 (3d Cir. 2000) (citing *United States v. Hamm*, 659 F.2d 624, 630 (5th Cir. 1981)). There is no evidence of such conduct or reasoning here.

[24] Def.'s Obj. (Dkt. 50), at 3.

**It IS SO ORDERED** this 3rd day of November 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE